Bradley R. Nelson
123 Central Avenue
Ayer, MA 01432
nelsonwoodworking123@gmail.com
(617) 416-5345

FILED IN CLERKS OFFICE

SEP 19 '25 PM4:08 USDC MA

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (Worchester)

| | | |
|---|---|---|
| BRADLEY R. NELSON | ) | |
| | ) | |
| Plaintiff, | ) | Case No: |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A. | ) | |
| Defendant. | ) | |
| | ) | |

## VERIFIED COMPLAINT FOR CONTINUED PROTECTION OF COLLATERAL PROPERTY RIGHTS BY PREVENTING A NONJUDICIAL SALE THAT VIOLATES MY LIEN ON THE PROPERTY

**COMES NOW** Plaintiff BRADLEY R. NELSON sues Wells Fargo Bank, N.A. to stop Defendant from proceeding with the sale of collateral described as 65 Lovers Lane, Groton, MA, in a nonjudicial foreclosure based on the following.

## I    INTRODUCTION

This is an action to prevent a wrongful nonjudicial foreclosure procedure from a party without a debt or lien seeking to become a priority over Plaintiff, the only party with a UCC debt and enforceable perfected lien.

## II   JURISDICTION

1. Jurisdiction is appropriately laid in the United States District Court, District of Massachusetts under diversity jurisdiction pursuant to 28 U.S.C. §1331 and 1332.

2. Venue is appropriately laid in the District Court of Massachusetts under 28 U.S.C.

§1391(b)(2) as the events causing the claim occurred substantially within the State of Massachusetts at 65 Lovers Lane, Groton, MA.

3. Supplemental jurisdiction under 28 U.S.C. §11367 for state-law foreclosure violations.

4. This complaint exceeds $75,000 in value.

## III. PARTIES

5. Plaintiff is a resident of Massachusetts 123 Central Avenue, Ayer, MA 01432 .

6. Defendant is headquarters in South Dakota located 101 North Phillips Avenue , Sioux Falls, Sd, United States 57104

## IV.   FACTUAL ALLEGATIONS

7. On December 22, 2023, Plaintiff sold the property at issue to Kyra Nelson for $499,000 as reflected in the promissory Note and Mortgage.

8. The Promissory Note is in favor of Bradley R. Nelson for the amount of $499,000. See Exhibit A.

9. The Mortgage is in favor of Bradley R. Nelson. See Exhibit B.

10. At the time the property was sold in December of 2023, the only perfected liens on the property were in favor of Worlds Savings Bank, FSB, a company out of Texas, that were created and recorded in 2007, now known as Wells Fargo Bank South

Central, N. A.  Exhibit C - Title Report  and Exhibit D World Savings Bank FSB, none known as Wells Fargo Bank South Central (not Wells Fargo Bank, N.A.).

11.  Since that time, in 2025, one of the liens from World Savings Bank, FSB was released from the property.

12.  Plaintiff is the only party entitled to the collateral as perfected by the only enforceable lien on the property, as specified and required pursuant to **M.L.G. c § 183. 4,** and Pursuant to **M.L.G. c § 183. 5B.**

13.. The single lien in favor of a World Savings Bank, FSB (which merged into a Company known as Wells Fargo South Central, N. A.) has never transferred and perfected its lien on this property and, furthermore, has allowed the debt to lapse and become time barred.  The debt was further discharged under 11 U.S.C. § 524(a)(2).

14..   An wrongful nonjudicial sale is scheduled by Defendant Wells Fargo Bank, NA despite having no perfected lien and no debt to collect, scheduled to take place on September 29, 2025; however, as this bank has no standing to proceed with a NONJUDICAL sale, it should be enjoined from proceeding.

15..  Currently, the mortgage from World Savings Bank, FSB has no surviving debt associated with this lien.  A "naked mortgage" (a lien without a debt) is unenforceable: A mortgagee (the entity holding the mortgage) who does not also hold the underlying promissory note lacks the authority to foreclose in Massachusetts. *Deutsche Bank Nat. Trust Co. v. Fitchburg Capital, LLC,* 471 Mass. 248 (2015)

16.  There has been no assignment of the lien to another entity at any time and any assignments would be without a debt, as the debt is no longer viable.  Therefore, any claim of assignment without a debt, in accordance with the Massachusetts statutes, is a

VOID assignment on its face as held *Eaton v. Federal Nat. Mortg. Ass'n, 496 Mass. 824, 15 N.E.3d 729 (2014).*

17 Pursuant **M.L.G. c § 183. 4:**  Required recordation for perfection of this original World Savings Bank, FSB lien.  If this was truly the path of this mortgage, it would have to look like this to be noticed or enforceable:

> a.    The 2006 sale of a World Savings, FSB to Wachovia Corporation – liens from World Savings were required to be recorded to the new corporation, Wachovia.
> b.    The mortgage created by the Lender regarding the property herein was not created until 2007 and recorded by a World Savings Bank, FSB out of Texas on March 2, 2007, showing that this was a different World Savings Bank, FSB and not the bank purchased by Wachovia Corporation.
> c.     In December of 2007, Recordation of Wachovia Corporation to the name change of Wachovia Mortgage Bank, FSB would  have appeared in the property records if it was the same bank purchased by Wachovia Mortgage FSB.   The mortgage was in the name of World Savings Bank, FSB after that company was sold to Wachovia and did not travel in this path.
> d.    Perfection would have required an exact date, where none is mentioned or notated, a required recordation of Wachovia Mortgage, FSB to Wells Fargo Bank Southwest, NA if this was a Wachovia mortgage.
> e.     Perfection would have required an exact date where none is mentioned or notated, a required recordation of  Wells Fargo Southwest, N. A. to Wells Fargo Bank, NA, however, this was not the case.
> f.     Worlds Savings in Texas was purchased by Wells Fargo South Central and not by Wachovia Corporation.

18.  Pursuant **M.L.G. c § 183. 4.**  Required recordation for perfection of this original World Savings Bank, FSB lien. The perfected path of this chain of title for this mortgage to Wells Fargo, NA does not exist and there is no perfected lien by any of the purported predecessor banks that allow for perfection of a lien to Wells Fargo Bank, NA at this time.

19.  In the latest ruling in a bankruptcy court, although the judge did lift the stay pursuant to 362(d)(4), the judge rejected the foreclosure request pursuant to the fact that a creditor cannot use the bankruptcy process to avoid state nonjudicial foreclosure

rules. The bankruptcy court does not have the authority to order either a nonjudicial or judicial foreclosure directly.

20.  Elements for Injunctive Relief to be granted are:

a.    Likelihood of Success,

b.    Without restraint, Plaintiff will suffer immediate and irreparable harm for which there is no adequate remedy at law,

c.    Balance of Harm:  Wells Fargo will suffer no harm at all by postponement of a wrongful nonjudicial foreclosure action that would ultimately be reversed by the Courts,

d.    The public interest strongly favors enforcement of well-settled laws of the Commonwealth of Massachusetts governing the disposition of collateral. Permitting Defendant to proceed with the sale despite violations of these requirements undermines the integrity of the judicial system and harms the broader public by eroding confidence in fair commercial practices.

e.    The public interest must be preserved as all citizens rely on the Registry of **Deeds** to know who owns or controls real property.  **Unauthorized foreclosures (either nonjudicial or judicial) corrupt the system** by introducing uncertainty into the title chain. **"Only a mortgagee or someone holding the mortgage of record has the power to foreclose."**— *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637, 647 (2011)

f.    The Public Policy Rule:  Courts must prevent unauthorized parties from foreclosing to preserve the integrity of the recording system and protect reliance on public records.

**g.**      Due Process and Fairness to Lien holders – "Foreclosure without the authority to do so renders the sale void" – *Ibanez* **supra**.

h.      Stability and Market Confidence in Real Estate - · Title insurers, lenders, and buyers rely on knowing **that only authorized mortgagees** can foreclose. Allowing a party with no recorded interest to foreclose would **shake market confidence** and increase litigation.

21.    Foreclosure and nonjudicial foreclosure in Massachusetts require certain statutory elements to be satisfied prior to engaging in such behavior, including notice and possession of a lien and a debt. As the senior lien holder with the only perfected lien on the property in the name of an existing Noteholder, I have never received lawful notice of this sale, and defective notice voids a nonjudicial foreclosure attempt and the sale itself.

22.    I am the senior lien holder with priority, Wells Fargo has no perfected lien and has no standing to proceed against this property; see *Hull Mun. Lighting Plant v Mass. Mun Wholesale Electric* 399 Mass 640, 643 (1987) 606 N.E.2d 140 holding that Recording is required for priority pursuant to M.G.L. C. 183,§ 4.

23.    *In re 201 Forest St, LLC* 422 B.R., 888, 843 (1st Cir. BAP (2010) " held "an unrecorded lien is ineffective against subsequent purchaser and lien holders." This leaves Wells Fargo Bank, N. A. without standing to go forward with a nonjudicial sale.

24.    As a declared by the Trustee in bankruptcy Court case 24-41202, I am the secured creditor with a perfected lien, while Defendant's unperfected, most probably invalid and/or a fraudulent claim, proves it is illegal for Wells Fargo to foreclose as they

would disrupt my Superior Interest and create title problems that will deprive me of lawful rights to repayment and my lawful control.  Exhibit E.

25.  Although this defendant has requested a lift of stay in a couple of bankruptcy actions, Massachusetts courts have held that **a lift of stay is not a judgment of entitlement to foreclose**, just a return to the **state law process**:

a)  *In re Maisel*, 378 B.R. 19 (Bankr. D. Mass. 2007) – Lift of stay is not a ruling on state foreclosure rights.

b)  *In re Radden*, 35 B.R. 821 (Bankr. E.D. Va. 1983) – Lifted stay doesn't mean foreclosure is automatically valid.

26.  The need to comply with all aspects of  M.G.L. c. 183, § 5B, and the other formal statutory requirement that the affidavit must be made by an individual claiming personal knowledge of the facts, that would be impossible as the signer has no information regarding the assets of a different bank that was not involved with the Wachovia Corporation merger. The affiant claims that there is a good faith affidavit; however the affiant has no path, no personal knowledge or records of the World Savings Bank in Texas.

27.  Unless the interest is recorded, it has no legal effect against superior recorded lien, against the public – even if a court might mention that it seems there might have been a merger, that opinion does not perfect a particular lien. *Negron v Gordon*, 373 MASS. 199 (1977) Until recorded, a purported conveyance or lien is ineffective against third parties (*In re 201 Forest St, LLC*, supra).

28.  Pursuant to both **§25B and §35C**, the nonjudicially foreclosing party is swearing—under penalty of perjury, however, the notary signature is a false and/or

fraudulent notary signature per the Secretary of State of North Carolina, and the affiant has no "personal" knowledge, only records that appear in the computer at the office of the affiant. There are papers from the Office of the Comptroller of the Currency that do not agree or match the office computer that are facts not known by the affiant.

29. A formal objection to the truthfulness and legal sufficiency of this false affidavit and the ability to preserve Plaintiff's rights and defenses under Massachusetts law has been recorded appropriately and stands in the property records.

30. Ongoing attempts to enforce a debt that is not legally owed based on legal defects in the Notices of Default to a party that is no longer the owner of the collateral is not *res judicata* or issue preclusion for the new unlawfully filed documents at the recorder's office in Middlesex South (i.e. the Notice of Default).

31. No notices of this attempted wrongful nonjudicial sale have been provided to Plaintiff as the perfected lien holder on the collateral property. Massachusetts law requires strict compliance with statutory notice provisions before the sale of collateral, including M.G.L. c. 244 (nonjudicial foreclosures of real estate). Failure to comply with these requirements renders a sale invalid. Ignoring these well-settled notice laws violates the public's interest in predictable, transparent, and lawful sales procedures.

32. **Title Defects/ Void nonjudicial Foreclosures** In *Pinti v. Emigrant Mortgage Co., Inc.* (2015), the SJC voided a nonjudicial foreclosure sale on grounds of a defective notice of default — the notice misused terminology ("lawsuit for nonjudicial foreclosure and sale" versus "court action to challenge"). Even though the discrepancy might sound minor, it was held sufficient to void an already completed nonjudicial foreclosure. There

was no notice to this perfected senior position lien holder, thereby any sale of the collateral is void, as is any attempt to perform a sale.

33. No authority exists for a nonjudicial foreclosure sale by Wells Fargo Bank, N. A. and all documents in relation to the notices, etc are fatally defective.

34. This has caused this TRO to be filed today in order to prevent an unlawful act and irreparable harm to Plaintiff.

35. The irreparable harm to Plaintiff is the loss of collateral for the note and mortgage of record cannot be replaced with pecuniary damages, and Plaintiff is without any adequate remedy at law.

36. Plaintiff is entitled to a restraining order to prevent Defendants from further actions during the pendency of this lawsuit against irreparable and on-going harm to the Plaintiff.

37. There is no other adequate remedy at law, which necessitates injunctive relief. This is supported in Massachusetts under Massachusetts Rule of Civil Procedure 65.

38. The Complaint will likely succeed on the merits as the unlawfully recorded documents, documents that are void on their face in accordance with Massachusetts statutes, are fatally defective and will be cancelled.

39. The complaint will likely succeed on the merits the procedure is void with the unlawfully recorded documents, along with the fraudulently filed Serviceman's Affidavit with intent to defraud pursuant all in violation of M.G.L.c. 266,§ 35A. See *Pinti v. Emigrant Mortgage Co., Inc.* (supra) *Federal National Mortgage Ass'n v. Marroquin*, 477 Mass. 82,84,85 (217) confirming the nonjudicial foreclosure is invalid when the notices do not strictly comply with the laws and statutes.

40. All of the fraudulent recordings are clouding the title and the action to remove my interest from the property with fraudulent documents needs to be stopped and Wells Fargo restrained from attempting to sell the property, as I have standing to protect my perfected interest and they do not have a perfected or protected interest.

41. The likelihood of success validating specifically that there was no transfer a credit line note is in accordance with Massachusetts Part 1, Title XV, Chapter 106, Article 9, § 9-203(b)(1) as no value was, nor could, be received by a purported assignee for a note that it did not own, hold, possess or have entitlement to enforce.

42. The likelihood of success in this action will be reinforced by the fact that as a bona fide purchaser for value, without notice of the claims of the "secret" or unrecorded and unverifiable liens existing on the property, is a violation of Chapter 183, § 4 and 183, § 21 as no mortgage exists in favor of Wells Fargo Bank, NA and they cannot proceed with a nonjudical sale of the property.

43. The likelihood of success in this action is parallel with other cases granting this relief and in line with applicable case law that no action can go forward through the use of fraudulent documents to initiate a process that otherwise is unlawful and also that the Plaintiff has no evidence of the Note being transferred, an element that is required to perform a nonjudicial foreclosure.

### COUNT I:  INJUNCTIVE RELIEF

44. Plaintiff alleges 1 through 43,

45. This action seeks permanent injunctive relief to stop an unlawful nonjudicial foreclosure initiated by the Defendant — the attempt to seize Plaintiff's collateral without

legal authority, standing or priority, which is a violation of Massachusetts foreclosure law and federal constitutional protections.

46. Plaintiff in this case is the holder of a perfected enforceable mortgage lien on the property designating this action is against protected collateral by the Recordation Act in Massachusetts.

47.. This case is not a re-litigation of any previously adjudicated matter, but a timely defense against an active, wrongful attempt to NONJUDICALLY deprive Plaintiff

of collateral property rights without due process.

48. Defendants' persistence in pursuing a nonjudicial foreclosure despite fatal defects in its having the requisite to so proceed, including the lack of ownership of the debt, the fraud on the court by misrepresentation of a lien and misapplication of bankruptcy discharge law, leaves Plaintiff no option but to seek this Court's intervention at this time. Massachusetts law requires strict compliance with statutory foreclosure procedures (see *U.S. Bank Nat'l Ass'n v. Ibanez*, 458 Mass. 637 (2011); *Eaton v. Fannie Mae*, 462 Mass. 569 (2012)), and this attempted nonjudicial foreclosure is void on its face.

49. Plaintiff does not seek to burden the judiciary or reargue settled issues. Rather, Plaintiff respectfully invokes this Court's jurisdiction to prevent imminent and irreparable harm resulting from a foreclosure action that violates state and federal law, including:

A)· The Due Process Clause of the Fourteenth Amendment;
B) · The Supremacy Clause (violations of 11 U.S.C. § 524(a) discharge injunction;
C)· Fraudulent Notary signatures;
D)· VIOLATIONS of Massachusetts foreclosure statutes (M.G.L c. 244 §14, § 35A).
E): VOID power of sale pursuant to the mortgage

Plaintiff seeks injunctive relief and any other remedies to protect Plaintiff's constitutional and statutory rights, and to stop an entity that continues to assert rights it does not hold.

50. Plaintiff Bradley R. Nelson is the only Holder of an enforceable UCC Debt on the property and the only holder of a perfected enforceable lien on the property.

51. Defendant is violating the law by attempting to initiate the Massachusetts non-judicial foreclosure scheme strictly construed pursuant to General Law - Part II, title 1, Chapter 183, § 21 in accordance with the Statutory Power of Sale. Because the Defendant is not permitted to initiate a nonjudicial sale when:

a.   the borrower is not in default to Defendant,
b.   the Defendant does not have any debt it is pursuing,
c.   the World Savings Bank mortgage and the debt are no longer together and are unenforceable in a nonjudicial sale,
d.   defendant Wells Fargo has no perfected lien
e.   Defendants have no legal basis to sell the property, and
f.   Defendants have no standing to enforce an unperfected Mortgage where the Power of Sale Is **Void.**

52.  Plaintiff is entitled to this remedy as there is no prejudice against the Defendant, Wells Fargo Bank, NA who has failed to comply with the requirements of a nonjudicial foreclosure, has no perfected liens on the property, and does not have verified enforceable note.

53.  Defendant is not prejudiced as it did not follow any of the Rules of strict statutory compliance to initiate a nonjudicial sale.

54.  Plaintiff will suffer imminent and material harm by the loss of her home.

55.  The granting of the restraining order preserves the status quo of all parties and is normal in equitable actions like these.

## COUNT II:  RELIEF GRANTING PLAINTIFF RIGHTS AS THE SECURED CREDITOR WITH RIGHTS IN THE COLLATERAL PROPERTY

56. Plaintiff realledges 1 through 43.

57. World Savings Bank, FSB in  Texas, originated a nonnegotiable Note and loan agreement in 2007 to a borrower who subsequently filed for a Chapter 7 bankruptcy and the debt was discharged in 2012 and is now protected against enforcement by 11 U.S.C. §524(a)(2).

58. The statute of limitations on the nonnegotiable note in began in 2012 and the debt is no longer enforceable by World Savings Bank, FSB (now known as Wells Fargo Bank South Central, N. A.).

58. In 2025, the Bankruptcy Plan for repayment of creditors by the bona fide purchaser of the property in 2023, was accepted by the Bankruptcy Court and further declared that Plaintiff herein was both the only creditor for this property and the perfected lien holder for all purposes.  See attached Proof of Claim and Trustee payments to Plaintiff.

59. Wells Fargo was aware of the Court's acceptance of Plaintiff as creditor, admitted in open court that the new owner of the property owed no debt to Wells Fargo, and did not object to the Plan payments going to Plaintiff as the creditor and lien holder on the property.  See Exhibit E

60. Defendant Wells Fargo, with full knowledge and without notice to Plaintiff, initiated a nonjudicial foreclosure that would, if successful, subvert the rights of Plaintiff and deprive him, as the only true holder of debt as well as a lien, of his priority as to the property.

61. Defendant Wells Fargo has no interest in the property, any lien and any debt and should never be permitted to seek a nonjudicial foreclosure where the first requisite

element to such an act is to issue a Notice of Default to one that is personally liable for its claimed debt which, in this case, does not exist.

WHEREFORE Plaintiff Bradley R. Nelson respectfully moves this Honorable Court for an Order Declaring Plaintiff as the only Creditor capable of enforcing the debt and lien.

## CONCLUSION

Under Massachusetts law, a mortgage or lien is not perfected and does not bind subsequent 3rd parties unless it is properly executed, acknowledged, and recorded in compliance with statutory requirements. See *Bank of America, N.A. v. Casey*, 474 Mass. 556, 560 (2016) ("To provide constructive notice to 3rd parties, a mortgage must be properly executed and acknowledged, and duly recorded."). This was not done in this matter.

A party's mere assertion or argument that a lien exists, or should be honored, is legally insufficient to perfect an interest in property. See also *Gomes v. Harrison*, 98 Mass. App. Ct. 1126 (2020) (holding that an unrecorded mortgage assignment does not provide constructive notice, and therefore does not impair the rights of a 3rd party.. Similarly, in *In re Bower*, 2011 WL 1431611 (Bankr. D. Mass. Apr. 14, 2011), the court held that a mortgage that was not properly acknowledged could not provide constructive notice to third parties, regardless of any equitable arguments.

Massachusetts law is unambiguous: recording statutes must be strictly followed, and no amount of post hoc reasoning or persuasive argument can substitute for actual compliance. Accordingly, the World Saving Bank, FSB mortgage/lien is not released. There has never been a properly perfect lien by Wells Fargo Bank, N.A.'s lien, none has been recorded. Objections to affidavits exist on record, no judgments are in favor of

Wells Fargo Bank, only denials of evidentiary hearings and objections to claims in bankruptcy, the claim is a defective acknowledgement and remains unrecorded and it remains unperfected and unenforceable against the interests of  Bradley R. Nelson who is the bona fide purchaser for value.

Plaintiff respectfully requests that this Court:

1· Issue an immediate Restraining Order preventing Defendant from conducting the scheduled nonjudicial sale of the collateral or any other sale,

2. Schedule a hearing on Plaintiff's request for a Preliminary Injunction;

3. Declare Plaintiff to be the only viable Creditor, and

4.. Grant any other relief this Court deems mete and proper.

Date:  September 19,  2025         Respectfully submitted,

Bradley R. Nelson
123 Central Avenue
Ayer, MA 01432
nelsonwoodworking123@gmail.com
(617) 416-5345

Attached:

Exhibit A  Note
Exhibit B  Mortgage
Exhibit C  Title Report
Exhibit D  World Savings Bank, FSB now known as Wells Fargo Bank South Central, N. A.
Exhibit E  Bankruptcy Trustee payments as secured creditor

Bradley R. Nelson
123 Central Avenue
Ayer, MA 01432
nelsonwoodworking123@gmail.com
(617) 416-5345

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS (Worchester)

|  |  |  |
|---|---|---|
| BRADLEY R. NELSON | ) | |
| Plaintiff, | ) | Case No: |
| v. | ) | |
| WELLS FARGO BANK, N.A. | ) | |
| Defendant. | ) | |

## AFFIDAVIT OF BRADLEY R. NELSON

I, Bradley R. Nelson, under oath, depose and state as follows:

1.      **Personal Information**

I am the Plaintiff in this action. I make this affidavit based on my personal knowledge.

2.      **Ownership/Interest in Collateral**

I am the owner/obligor of certain collateral described as 65 Lovers Lane, Groton, MA :

**Legal Description**: A certain tract of land on the Westerly side of Lovers Lane in Groton, Middlesex County, MA, being shown as Lot 5, containing approximately 2.03 acres, more or less, and more particularly described on a plan of land entitled "land in Groton, MASS., surveyed for Kevin Saaristo, scale based 1"=100' dated June, 1994" by David E. Ross Associates, Inc., Civil Engineers, and Recorded with Middlesex South District Registry of Deeds Book 24735 Page 390. Subject to a declaration of Easements for Phil and Grady, dated October 23, 1997 and recorded with said Deeds in Book 17796 Page 330.. **Tax Parcel #: 115-30-0.**

3.      **Scheduled Sale**

The Defendant has scheduled a sale of this collateral on or about September 29, 2025 without providing the legally required notices and in violation of Massachusetts law.

12

EX PARTE MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER FOR THE PURPOSE OF STOPPING A NONJUDICIAL SALES PROCEDURE IN VIOLATION OF BOTH §25B and §35C DISALLOWING THE NONJUDICIAL PROCEDURE

### 4.        Violations of Law
Defendant has failed to comply with statutory requirements under both **§25B and §35C , and G.L. c. 244** for real estate, failed to provide notice, failed to advertise properly, scheduled the sale prematurely, without authority and in violation of **M.L.G. c § 183. 4.**

### 5.        Irreparable Harm
If the sale is allowed to proceed, I will suffer irreparable harm because I will permanently lose the collateral, and monetary damages will not adequately compensate me.

### 6.        Balance of Harms and Public Interest
Enjoining the sale will preserve the status quo, protect my rights, and serve the public interest by requiring compliance with well-settled Massachusetts laws governing collateral sales.

**WHEREFORE**, I respectfully request that this Court grant a Temporary

Restraining Order and, after hearing, a Preliminary Injunction preventing Defendant

from proceeding with the sale.

**Signed under the pains and penalties of perjury this** 19 **day of** SEPT **, 2025.**

Bradley R. Nelson
123 Central Avenue
Ayer, MA 01432
nelsonwoodworking123@gmail.com
(617) 416-5345

### NOTARY VERIFICATION

**Commonwealth of Massachusetts**

County ss. Middlesex

On this 19 day of Sept , **2025**, before me, the undersigned notary public, personally appeared Bradley R. Nelson  proved to me through satisfactory evidence of identification, to be the person whose name is signed above, and swore or affirmed the foregoing affidavit.

Notary Public Jefreey Gonzalez Hernandez
My commission expires: October 9, 2031

Jefreey Gonzalez Hernandez
NOTARY PUBLIC
COMMONWEALTH OF MASSACHUSETTS
MY COMMISSION EXPIRES
October 9, 2031

13

EX PARTE MOTION FOR EMERGENCY TEMPORARY RESTRAINING ORDER FOR THE PURPOSE
OF STOPPING A NONJUDICIAL SALES PROCEDURE IN VIOLATION OF BOTH §25B and §35C
DISALLOWING THE NONJUDICIAL PROCEDURE

## CERTIFICATION OF EFFORTS TO GIVE NOTICE

Pursuant to Mass. R. Civ. P. 65(b), I,  Bradley R. Nelson,  hereby certify as follows:

1.      I am the Plaintiff in the above-captioned action.

2.      On September 19, 2025, I attempted to give notice to Defendant Wells Fargo Bank, NA regarding my intention to seek a Temporary Restraining Order.

3.      My efforts to provide notice included:

o      I contacted the FDIC for information on the proper officer to receive documents related to a filing of a complaint in a court of law in Massachusetts.  I called the location (605) 575-6900 and I was assured that the operations manager Tim Bilerback would be provided with the information regarding this hearing.   I was also told that a message would be provided to the CEO Charles Scharf, located at the headquarters 101 NORTH PHILLIPS AVENUE , SIOUX FALLS, SD, UNITED STATES 57104 , would receive the over-night envelope that I had forwarded to this location that was sent immediately after filing of the Complaint and TRO.  In my phone call and messages, I did ask for an alternative party to receive notice of the hearing at this court.

4.      Despite these efforts, I am not sure if all parties were informed,  or that I was unable to provide actual notice in time because I had to leave messages with personnel that promised to pass along the information, but I did not receive actual confirmation of same.

5.      I have sent notice by over-night also, and since signature is required, it is possible that I will be receiving the confirmation before the hearing is set by this court.

6.      The sale of the collateral is scheduled in a couple of days; Defendant's contact information is limited; no attorney of record is yet known.

7.      Immediate and irreparable harm will occur if the Court does not issue relief before notice can be confirmed.

I certify under the pains and penalties of perjury that the foregoing is true and correct.

Dated:  September 19, 2025

Respectfully submitted,

Bradley R. Nelson
123 Central Avenue
Ayers, MA  01432
617 416-5345
nelsonwoodworking123@gmail.com