UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BRADLEY NELSON, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | Civil Action No. 25-cv-12688-AK |
| WELLS FARGO BANK, N.A., | ) ) ) | |
| Defendant. | ) ) ) | |

**MEMORANDUM AND ORDER
ON PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER**

**ANGEL KELLEY, D.J.**

Plaintiff Bradley Nelson, proceeding *pro se*, initiated this civil action seeking to preclude defendant Wells Fargo Bank, N.A. ("Wells Fargo") from foreclosing on his collateral, 65 Lovers Lane, Groton, Massachusetts (the "Property"). Plaintiff filed a motion for temporary restraining order on September 19, 2025, requesting a stay of the foreclosure. For the reasons below, the motion is **DENIED**.

**I.    BACKGROUND**

Plaintiff and his daughter, Kyra Nelson ("Ms. Nelson"), have spent more than a decade attempting to stop Wells Fargo from foreclosing on the Property. This saga started in 2007 when Plaintiff entered into two mortgage agreements with Wells Fargo's predecessor-in-interest, World Savings Bank, to purchase the Property. Nelson v. Wells Fargo Bank, N.A., 621 B.R. 542, 545 (1st Cir. BAP 2020) ("BAP") (discussing procedural history). Later in 2007, World Savings Bank changed its name to Wachovia Mortgage, FSB and in 2009, Wachovia converted into a national bank named Wells Fargo Bank Southwest, N.A., which merged into Wells Fargo Bank,

1

N.A. on the same date. Id. In 2012, Plaintiff filed for Chapter 7 bankruptcy and received a discharge that "eliminated [his] personal liability, but did not eliminate the in rem interest of the lenders with respect to the [P]roperty." BAP, 621 B.R. at 551. See In re Nelson, No. 12-16220-JNF (Bankr. D. Mass. 2012) (Mr. Nelson's bankruptcy proceeding); BAP, 621 B.R. at 545-46 (discussing procedural history of the prior litigation).

In September 2014, Plaintiff brought suit against Wells Fargo and World Savings Bank to stop them foreclosing on the Property. In re Nelson, 621 B.R. at 546 (discussing procedural history). Although initially filed in state court, Wells Fargo successfully removed to the District Court for the District of Massachusetts. Id. At the outset, three of Plaintiff's five claims were dismissed, and the remaining two claims were dismissed at summary judgment. See Nelson v. Wells Fargo Bank, N.A., 14-CV-14087-DJC, Doc. No. 63 (D. Mass. Dec. 29, 2016) (order on Motion to Dismiss); Nelson v. Wells Fargo Bank, N.A., 14-CV-14087-DJC, Doc. No. 77 (D. Mass. May 25, 2017) (order on Motion for Summary Judgment); In re Nelson, 621 B.R. at 546-47 (discussing procedural history).

In May 2019, Plaintiff filed a Chapter 13 bankruptcy petition. BAP, 621 B.R. at 547-48 (discussing procedural history). In the bankruptcy proceeding, Wells Fargo filed a proof of claim that asserted their rights to collect on the Property and requested relief from the stay on collection, which was automatically imposed under 11 U.S.C. § 362(a). Id. Plaintiff challenged Wells Fargo's right to collect and request for relief from the stay alleging that Wells Fargo was not the mortgage holder and all his debts were discharged in his prior bankruptcy case. Id. Contrary to Plaintiff's arguments, the bankruptcy court found that a "merger trail [between Wachovia Mortgage, FSB and Wells Fargo] exists and gave judgment to Wells Fargo" on their claim to the Property, Wells Fargo established their proof of claim, and Plaintiff's prior

bankruptcy discharge did not eliminate Wells Fargo's in rem interest in the Property.  Id. at 550-51.  The bankruptcy court's ruling was affirmed on appeal.  Id.

In June 2023, Plaintiff filed suit in Middlesex Superior Court again challenging Wells Fargo's authority to enforce the mortgage and requesting relief from his mortgage obligations.  In re Kyra Nelson, 24-41202-EDK, at *2 (Bankr. D. Mass Apr. 2, 2025) [Dkt. 16-2] ("Bankruptcy Order II") (discussing procedural history).  The Middlesex Superior Court dismissed the suit with prejudice holding that Plaintiff's claims were blocked by res judicata.  Nelson v. World Savings Bank, FSB, 2381CV01919 (Middlesex Super. Ct. Apr. 24, 2024).  Plaintiff appealed, and the Appeals Court of Massachusetts affirmed the lower court.  Nelson v. World Savings Bank, FSB, et al., 106 Mass. App. Ct. 1101, 2025 WL 2535808 (Mass. App. Ct. Sept. 4, 2025).  The Appeals Court additionally granted Wells Fargo's request for attorney's fees because Plaintiff's appeal was "frivolous."  Id. at *5.

In December 2023, while still litigating in Middlesex Superior Court, Plaintiff transferred the Property to Ms. Nelson by warranty deed.  In re Kyra Nelson, 24-41202-EDK, at *2 (Bankr. D. Mass. Apr. 2, 2025) [Dkt. 16-9] ("Bankruptcy Order I"); Compl. ¶ 7 [Dkt. 1].  Also in December 2023, Plaintiff and Ms. Nelson entered into a mortgage agreement through which Plaintiff took a lien on the property in exchange for $499,000.  Id. ¶¶ 7-8.

In August 2024, Ms. Nelson filed a complaint in Worcester Superior Court against Wells Fargo seeking an injunction precluding Wells Fargo from foreclosing on the Property.  Bankruptcy Order II, 24-41202-EDK, at *2 (discussing procedural history).  The Worcester Superior Court denied Ms. Nelson's requested relief because the matter "has been fully addressed, on multiple occasions by multiple courts" and warned her that failure to obey "the

3

ethical rules in filing pleadings before [the] court . . . may result in sanctions." Kyra Nelson v. Wells Fargo Bank N.A., 24-01000B, at *1 (Worcester Super. Ct. Sept. 23, 2024).

On November 14, 2024, 8 days before a scheduled foreclosure sale of the Property, Ms. Nelson filed a complaint in Middlesex Superior Court again seeking injunctive relief against Wells Fargo's foreclosure of the Property. Bankruptcy Order II, 24-41202-EDK, at *3 (discussing procedural history). The Middlesex Superior Court denied the request for injunctive relief finding that Ms. Nelson did not have a "likelihood of success on the merits." Nelson v. Wells Fargo Bank, N.A., 2481CV03000 (Middlesex Super. Ct. Nov. 14, 2024). The court later granted Wells Fargo's motion to dismiss, finding that "Wells Fargo is the successor-in-interest on the mortgages and is entitled to enforce the liens." Nelson v. Wells Fargo Bank, N.A., 2481CV03000, at *5 (Middlesex Super. Ct. July 21, 2024).

On November 21, 2024, one day before a scheduled foreclosure sale, Ms. Nelson filed a voluntary Chapter 13 bankruptcy case in which Wells Fargo filed a proof of claim. Bankruptcy Order II, 24-41202-EDK, at *3 (discussing procedural history). Again, the bankruptcy court rejected Ms. Nelson's challenge to Wells Fargo's proof of claim and her arguments that (a) her debt was discharged, (b) she did not owe Wells Fargo any debt, and (c) that Wells Fargo does not have a perfected lien. Bankruptcy Order I, 24-41202-EDK, at *2-4. In a separate order the court granted Wells Fargo relief from a stay and found that "the filing of the petition was part of a scheme to hinder, delay, or defraud Wells Fargo," and that Ms. Nelson "acted in bad faith." Bankruptcy Order II, 24-41202-EDK, at *4-5, 7. Both orders have been appealed and are pending before this court.

4

On September 19, 2025, Plaintiff filed the present lawsuit and requested, ex parte, emergency relief from Wells Fargo's impending foreclosure. The Court held a hearing on the matter on September 26, 2025.

## II.     LEGAL STANDARD

The "extraordinary and drastic" remedy of a preliminary injunction requires a showing of four elements: (1) substantial likelihood of success on the merits; (2) a high likelihood of irreparable harm if injunctive relief is not granted; (3) a balance of equities tips in the movant's favor; and (4) the injunctive relief is in the public interest. See Voice of the Arab World, Inc. v. MDTV Med. News Now, Inc., 645 F.3d 26, 32 (1st Cir. 2011) (citing Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008)). "The sine qua non of this four-part inquiry is likelihood of success on the merits: if the moving party cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity." New Comm. Wireless Servs., Inc. v. SprintCom, Inc., 287 F.3d 1, 9 (1st Cir. 2002). Courts may accept as true well-pleaded allegations in the complaint and uncontroverted affidavits. See Rohm & Haas Elec. Materials, LLC v. Elec. Circuits Supplies, Inc., 759 F. Supp. 2d 110, 114 n.2 (D. Mass. 2010) (quoting Elrod v. Burns, 427 U.S. 347, 350 n.1 (1976)). Courts may also rely upon otherwise inadmissible evidence in deciding a motion for preliminary injunction. Howe v. U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr. Series 2016-CTT, 440 F. Supp. 3d 99, 102 (D. Mass. 2020) (citing Asseo v. Pan Am. Grain Co., Inc., 805 F.2d 23, 26 (1st Cir. 1986)).

## III.    DISCUSSION

Plaintiff does not have a likelihood of success on the merits because his claims are barred by res judicata. Res judicata "comprises two distinct doctrines regarding the preclusive effect of prior litigation" – issue and claim preclusion. See Lucky Brand Dungarees, Inc. v. Marcel

Fashions Grp., Inc., 590 U.S. 405, 411 (2020).  Issue preclusion "precludes a party from relitigating an issue actually decided in a prior case and necessary to the judgment."  Id.  Claim preclusion "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated."  Id. at 412.  "The preclusive effect of a state-court judgment is governed by state law, and the preclusive effect of a federal-court judgment is governed by federal law."  McLarnon v. Deutsche Bank Nat. Trust Co., 14–13233–FDS, 2014 WL 5317813, at *3 (D. Mass. Oct. 17, 2014) (citing Cohen v. Shea, 788 F. Supp. 66 (D. Mass. 1992)).

These doctrines are critical to the effective administration of justice because they "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication."  U.S. v. Mendoza, 464 U.S. 154, 158 (1984) (quoting Allen v. McCurry, 449 U.S. 90, 94 (1980)).

A.  **Issue Preclusion**

A party asserting issue preclusion under federal and Massachusetts law must show (1) both proceedings involve the same issue of law or fact, (2) the parties actually litigated that issue in the prior proceeding, (3) the prior court decided that issue in a final judgment, and (4) resolution of the issue was essential to judgment on the merits.  Robb Evans & Assocs. LLC v. United States, 850 F.3d 24, 32 (1st Cir. 2017).  See Mullins v. Corcoran, 172 N.E.3d 759, 767 (Mass. 2021).

Wells Fargo meets all four elements.  First, the issues in the present case are identical to those in prior litigation.  Plaintiff argues that Wells Fargo does not have a perfected lien on the property.  Plaintiff previously argued this issue and courts have unanimously rejected it.  See Nelson, 2381CV01919, at *6 ("[T]he [United States] District Court . . . specifically found that

Wells Fargo was in fact the holder of the Note and First Mortgage. This finding was an essential part of its judgment."); BAP, 621 B.R. at 556 ("The record reflects that Wells Fargo presented documents to the bankruptcy court illustrating that Wells Fargo was the current holder of [the First Mortgage].).

Prior courts have similarly rejected Plaintiff's claims that Defendant does not have standing to proceed against the property. See BAP, 621 B.R. at 556-7 (rejecting Plaintiff's standing argument because "that issue was already litigated in the District Court"); Nelson, 2025 WL 2535808, at *4 ("[T]he issue here, whether Wells Fargo has standing to effect a foreclosure on [Plaintiff's] Mortgages, was addressed in his prior claims against Wells Fargo.").

Second, each of these issues were fully litigated on the merits as reflected in the respective courts' orders and decisions. Third, each of these issues were decided in final decisions. See Nelson, 2025 WL 2535808, at *4 (Bankruptcy court's rejection of Plaintiff's objections to Wells Fargo's claim and grant of relief from stay was a final judgment on the merits); Airframe v. Raytheon, 601 F.3d 9, 14 (1st Cir. 2010) (citing AVX Corp. v. Cabot Corp., 424 F.3d 28, 30 (1st Cir. 2005)) (dismissal for failure to state a claim is "plainly a final judgment on the merits"). Fourth, in each of the prior cases the issues were essential to the outcome of the case. But for the rejection of Plaintiff's claims, the courts would not have permitted Wells Fargo to move to effectuate foreclosure.

Because Plaintiff is relitigating issues which have already been argued and decided his claims are barred by issue preclusion, and he does not have a likelihood of success on the merits.

Plaintiff also raises a series of under-developed issues, including that Defendant's actions violated the Due Process Clause, Defendant's submitted an unidentified fraudulent affidavit, and the foreclosure is barred by an unspecified statute of limitations. The Court has attempted in

7

good faith to discern Plaintiff's arguments. However, because these issues are "adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation" they are deemed waived. Glob. NAPs, Inc. v. Verizon New England, Inc., 706 F.3d 8, 16 (1st Cir. 2013).

### B.   Claim Preclusion

Plaintiff's case is also barred by claim preclusion. To establish claim preclusion under federal and Massachusetts law a party must establish that there is "(1) a final judgment on the merits in an earlier suit, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two suits." Foss v. E. States Exposition, 67 F.4th 462, 466 (1st Cir. 2023) (quoting Mass. Sch. of L. at Andover v. Am. Bar Assoc., 142 F.3d 26, 37 (1st Cir. 1998)); Santos v. U.S. Bank Nat'l Ass'n, 54 N.E.3d 548, 554 (Mass. App. Ct. 2016). In considering whether the causes of action in two suits are sufficiently related to support claim preclusion, the First Circuit applies a "transactional approach." Mass. Sch. of Law at Andover, 142 F.3d at 38. The transactional approach considers whether the underlying facts for the causes are "related in time, space, origin or motivation." Silva v. City of New Bedford, 660 F.3d 76, 79 (1st Cir. 2011) (quoting Airframe, 601 F.3d at 15). The required relationship is present where both sets of claims "derive from a common nucleus of operative facts." Breneman v. U.S. ex rel. F.A.A., 381 F.3d 33, 38 (1st Cir. 2004) (quoting Gonzalez v. Banco Cent. Corp., 27 F.3d 751, 755 (1st Cir.1994)).

Massachusetts courts apply a substantively similar standard. See La Race v. Wells Fargo Bank, N.A., 166 N.E.3d 1025, 1034 (Mass. App. Ct. 2021) ("Causes of action are the same for the purposes of *res judicata* when they grow out of the same transaction, act or agreement, and seek redress for the same wrong.") (citation modified).

Again, Wells Fargo has established each element. First, as previously noted, the prior actions were final judgments on the merits. Second, Plaintiff opposed Wells Fargo in all of the prior litigation. Third, the causes of action are the same in each case. Plaintiff's actions in state and bankruptcy court involved the same property, the same mortgages, and the same bankruptcy proceedings as this action. The proceedings aimed to stop Wells Fargo from foreclosing on the Property and centered actions taken in the same time period as this case. These cases do not merely involve a common nucleus of operative facts—they are identical.

Even if Plaintiff had not raised the precise issues before the Court in his prior proceedings, he ought to have. For that reason, Plaintiff's claims are barred under claim preclusion and his case is not likely to succeed on the merits.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Temporary Restraining Order is **DENIED**.

**SO ORDERED.**

Dated: November 18, 2025

/s/ Angel Kelley
Hon. Angel Kelley
United States District Judge