UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| BRADLEY NELSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | Civil Action No. 25-cv-12688-AK |
| v. | ) | |
| | ) | |
| WELLS FARGO BANK, N.A., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### MEMORANDUM AND ORDER
### ON MOTION TO DISMISS

**KELLEY, D.J.**

    Before the Court is Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss [Dkt. 29] Plaintiff's complaint alleging that Wells Fargo was unlawfully foreclosing on his collateral (the Property). The Court assumes familiarity with the facts of the case. A full recitation of the facts can be found in the Court's denial of Plaintiff's Motion for Temporary Restraining Order. Nelson v. Wells Fargo Bank, N.A., 25-cv-12688 (D. Mass. Nov. 18, 2025) [Dkt. 37].

    To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Reading the complaint as a whole, the court must accept all factual allegations as true, but it does not need to accept legal conclusions. See García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). The court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted).

Generally, courts may only consider "facts alleged in the complaint and the exhibits attached thereto" when considering a motion to dismiss. Freeman v. Town of Hudson, 714 F.3d 29, 35 (1st Cir. 2013) (citing Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)). Yet, courts may consider extrinsic documents under certain "narrow exceptions," including "documents the authenticity of which are not disputed by the parties; . . . [and] the official public records." Id. at 36 (quoting Watterson, 987 F.2d at 3).

Here, Defendant has pointed to publicly available legal opinions in support of their argument that Plaintiff's action is barred by issue and claim preclusion. The Court may properly consider these prior opinions at the motion to dismiss phase because they are public records and not disputed by Plaintiff.

For the reason's detailed in the Court's order denying Plaintiff's Motion for Temporary Restraining Order [Dkt. 37], Plaintiff's claims are barred by both issue and claim preclusion. Several arguments raised in Plaintiff's Opposition to the Motion to Dismiss warrant further explanation.

First, Plaintiff argues that his daughter's bankruptcy cases are not final because they are on appeal. However, in both Massachusetts and federal courts, a "trial court judgment is final and has preclusive effect regardless of the fact that it is on appeal." In re Lambert, 459 B.R. 519, 523 (Bankr. D. Mass. 2011) (quoting O'Brien v. Hanover Ins. Co., N.E.2d 39, 44 (Mass. 1998)). See In re Belmont Realty Corp., 11 F.3d 1092, 1095-96 (1st Cir. 1993).

Second, Plaintiff raised two new issues that were not raised in his Motion for Temporary Restraining Order. Both issues were decided on the merits in a final decision by a prior court. A court already decided that Defendant's interest in the Property carried through World Savings Bank's merger into Wells Fargo. Nelson v. Wells Fargo Bank, N.A., 621 B.R. 542, 551 (1st Cir.

BAP 2020) ("The findings include that . . . this merger trail exists and gave judgment to Wells Fargo on a number of claims."). The same court rejected Plaintiff's argument that Defendant's interest in the Property did not survive his bankruptcy. Id. at 558 ("[Plaintiff's] argument that his underlying indebtedness to Wells Fargo was discharged in the Prior Bankruptcy Case is easily dispatched.").

Third, Plaintiff argues that there is no privity between himself and his daughter. This is irrelevant to the present case because courts have adjudicated the issues and claim raised by Plaintiff in prior proceedings in which Plaintiff was a party.

Fourth, Plaintiff also appears to argue that there can be no issue or claim preclusion because Defendant's foreclosure is nonjudicial. This argument misunderstands the issue and claim preclusion doctrines. To assess issue and claim preclusion, courts look to prior cases and determine whether the issues and claims raised prohibit the court from assessing the case before it. Here, the Court is not assessing whether the prior cases stop Defendant's foreclosure, but whether they stop this Court from addressing the issues and claims raised in this case.

Finally, in his opposition, Plaintiff appears to allege new facts regarding a 2025 affidavit and his prior attorney's representation. As these facts were not clearly alleged in his complaint, they cannot be considered on a motion to dismiss. See Giragosian v. Ryan, 547 F.3d 59, 65 (1st Cir. 2008) (explaining that on motion to dismiss, court is limited to considering facts and documents that are part of or incorporated into complaint and "documents incorporated by reference in [the complaint], matters of public record, and other matters susceptible to judicial notice") (quoting In re Colonial Mortg. Bankers Corp., 324 F.3d 12, 20 (1st Cir. 2003)); see also Gordon-Johnson v. Clinical & Support Options, Inc., 766 F. Supp. 3d 319, 327 (D. Mass. 2025)

(explaining plaintiff may not "use her opposition brief to add new facts that she failed to plead in her Complaint").

For these reasons and the reasons elaborated in the Court's denial of Plaintiff's Motion for Temporary Restraining Order [Dkt. 37], Defendant's Motion to Dismiss [Dkt. 29] is **GRANTED**.

**SO ORDERED.**

Dated: December 2, 2025                                        /s/ Angel Kelley
                                                               Hon.  Angel Kelley
                                                               United States District Judge

4